UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DARYL J. CHAUVIN AND<br>CATHY S. CHAUVIN | CIVIL ACTION |
| VERSUS | NO. 06-7145 |
| STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY | SECTION "R" (5) |
| AND | |
| JOHN BERRYMAN AND<br>CATHERINE BERRYMAN | CIVIL ACTION |
| VERSUS | NO. 06-8769 |
| ENCOMPASS PROPERTY AND<br>CASUALTY COMPANY | SECTION "R" (5) |

**THIS ORDER APPLIES TO CASE NOS. 06-7145 AND 06-8769**

<u>**ORDER AND REASONS**</u>

Before the Court are defendant State Farm's motion for summary judgment and defendant Encompass Property's motion to dismiss. The Court rules on these motions together because they

present the same essential factual and legal issues. For the following reasons, the Court DENIES defendants' motions.

I.   BACKGROUND

These cases present the question of whether the doctrine of res judicata precludes plaintiffs who filed a putative class claim that was never certified from filing a new lawsuit asserting different, individual claims that arise out of the same underlying incident against the same defendant after the putative class claim was dismissed on the merits. Plaintiffs, Darryl and Cathy Chauvin and John and Catherine Berryman, are Louisiana residents who allege that Hurricane Katrina rendered their homes total losses. Plaintiffs hold homeowner's insurance policies on their homes that contain flood exclusions. After the storm, they filed claims for property damage with their respective out-of-state insurers.

On December 12, 2005, the Chauvins filed a putative class action complaint against their insurer, State Farm, and the Berrymans filed a similar complaint against their insurer, Encompass Property. Both sets of plaintiffs sued under Louisiana's Valued Policy Law (VPL), La. Rev. Stat. § 22:695.

2

They alleged that their insurers improperly denied them coverage for their losses because the insurers refused to reimburse them for the full value of their homes as stated on their homeowner's policies. The defendants argued that the flood exclusions in plaintiffs' homeowner's policies prevented plaintiffs from recovering for total losses under their homeowner's policies when flooding was the proximate cause of the total loss. Plaintiffs argued, however, that the VPL entitled them to the full value of their policies, regardless of the proximate cause of their losses, so long as a covered peril (*e.g.*, wind) caused some loss to their property. More than 30 other plaintiffs brought similar VPL claims in other lawsuits. Some of these other cases were filed as individual complaints, and some were filed as class complaints. Some cases, like the two cases currently before the court, included only the VPL claim, while others included additional claims, such as claims for improper adjustment and bad faith claims handling.

On August 2, 2006, the Court dismissed plaintiffs' suits, which were never certified as class actions, along with the VPL claims in the other lawsuits. *See Chauvin v. State Farm Fire & Cas. Co.*, 450 F. Supp. 2d 660 (E.D. La. 2006), *aff'd* 495 F.3d 232 (5th Cir. 2007) (*Chauvin I*). The Court concluded that "Louisiana's Valued Policy Law does not apply when a total loss

is not caused by a covered peril" and dismissed claims predicated on plaintiffs' VPL theory. *Chauvin I*, 450 F. Supp. 2d at 669. In so holding, the Court specified that its decision "does not reach any of plaintiffs' claims that are not predicated on the interpretation of the VPL discussed in this opinion." *Id.*

After the Court issued its decision in *Chauvin I*, plaintiffs filed these individual suits in state court, which defendants then removed to this Court on diversity grounds. Plaintiffs also appealed the Court's decision in *Chauvin I* to the Fifth Circuit, which recently affirmed it. In their new lawsuits, plaintiffs allege that their insurers improperly adjusted their insurance claims, failed to pay the full amount due under their policies, and acted arbitrarily and capriciously in doing so, in violation of La. Rev. Stat. §§ 22:658, :1220. *See* Chauvin Cmplt. ¶¶ XIII, XVII; Berryman Cmplt. ¶¶ XIII, XVII. The plaintiffs also bring revised VPL claims. They now allege that hurricane winds rendered their homes total losses. *See* Chauvin Cmplt. ¶ III; Berryman Cmplt. ¶ III.

State Farm has filed a motion for summary judgment on the Chauvins' claims under Rule 56 of the Federal Rules of Civil Procedure. Encompass Property moves to dismiss the Berrymans' claims under Rule 12(b)(6). Both defendants argue that the doctrine of res judicata precludes plaintiffs claims because

these claims existed or could have been brought at the time the Court decided *Chauvin I*.

## II. LEGAL STANDARD

### A. Motion to Dismiss under Rule 12(b)(6)

In a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). To withstand a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965.

### B. Motion for Summary Judgment under Rule 56

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence

favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325; *see also Lavespere*, 910 F.2d at 178. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex*, 477 U.S. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1996).

**III. DISCUSSION**

    **A.   Res judicata**

To determine the preclusive effect of a prior judgment, courts must apply the law of the forum state when the basis of

the original court's jurisdiction was diversity of citizenship, unless the state's law is incompatible with federal interests. *See Am. Home Assurance Co. v. Chevron, USA, Inc.*, 400 F.3d 265, 271 n.20 (5th Cir. 2005) (citing *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001)). The relevant section of Louisiana's res judicata statute provides:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> . . .
>
> (2) If the judgment is in favor of the defendants, all causes of action existing at the time of the final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

La. Rev. Stat. § 13:423.1(2). The Louisiana Supreme Court has explained that a previous decision precludes a later action under the doctrine of res judicata when

> (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of actions existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.

*Wooley v.* State *Farm Fire and Cas. Ins.* Co., 893 So.2d 746, 771 (La. 2005); *see also Burguires v. Pollingue*, 843 So.2d 1049, 1053 (La. 2003).

Louisiana's res judicata standard is very similar to the federal criteria. Under the federal standard, an earlier federal court judgment precludes a plaintiff from bringing later claims if (1) the parties to both actions are identical (or at least in privity); (2) the judgment in the first action is rendered by a court of competent jurisdiction; (3) the first action concluded with a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. *See Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000). A cause of action in the context of res judicata includes "claims that either have been litigated or should have been raised in an earlier suit." *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004). The parties have not argued that Louisiana law is incompatible with federal res judicata rules, and the Court does not find any incompatibility in this case.

**B.   Analysis**

Some of the elements that trigger the application of res judicata are present here. No party disputes that this Court's previous decision in the parties' first lawsuits is a valid, final decision or that the named parties involved in the first two putative class actions are identical to the parties in these two suits. Nor do plaintiffs dispute that their individual claims existed at the time the Court decided *Chuavin I*.

It is true that when a lawsuit is never certified as a class action, it must be treated as a case "brought by the named plaintiffs individually, not as members of a class." *Kaplan v. Utilicorp United, Inc.*, 9 F.3d 405, 407 (5th Cir. 1993) (citing *Pharo v. Smith*, 621 F.2d 656, 664 (5th Cir. 1980)). This principle is invoked to protect putative class members from being bound by an adverse judgment entered against an individual plaintiff. Further, under basic principles of res judicata, it is clear that a final judgment on putative class claims that have not been certified is res judicata as to any named plaintiffs. But defendants have not cited, nor has the Court found, any authority that holds an adverse judgment against named plaintiffs on putative class claims bars them from bringing individual claims arising from the same incident that were not adjudicated in the putative class action. Although it is not free from doubt, the caselaw suggests a contrary rule.

In *Cooper v. Federal Reserve Bank of Richmond*, 467 U.S. 867 (1984), plaintiffs brought class claims against their employer for maintaining a pattern and practice of employment discrimination. The district court found that the defendant maintained a discriminatory practice as to some classes of employees but not to others. Employees in the class found not to be subject to a discriminatory practice then brought individual

claims of employment discrimination arising from the same employment context. The Supreme Court ruled that while the earlier judgment on the class "pattern and practice" claim barred class members from bringing another class action on a pattern and practice theory and precluded class members from relitigating the issue of whether the defendant maintained a pattern or practice of discrimination, it was not "dispositive of the individual claims the [ ] petitioners alleged in their separate action." *Id.* at 880. The Court emphasized that if plaintiffs could make out claims of individual discrimination, then the defendant would be required to defend against such claims. *See id*. The Court reached this conclusion even though the individual plaintiffs had presented testimony at trial about their individual employment experiences as a basis for the class pattern and practice claim. *See id.* at 872. The Court reversed the court of appeals' ruling that the individual claims were barred by res judicata, holding that the individual claims were not precluded because the district court did not rule on their validity. *See id*. at 881; *see also Bernard v. Gulf Oil Corp.*, 841 F.2d 547, 569 (5th Cir. 1988) (explaining that while res judicata bars individual claims to the extent they are based on previously adjudicated class claims, distinct individual claims require separate consideration). *Cooper* was also actuated by concerns emanating

from Rule 23. The Court observed that Rule 23 class action procedures are designed to "provide a mechanism for the expeditious decision of common questions." *Cooper*, 467 U.S. at 881. Requiring putative class plaintiffs to include exclusively individual claims would run counter to Rule 23's recognized purpose.

In *Cameron v. Tomes*, 990 F.2d 14 (1st Cir. 1993), the First Circuit summarized *Cooper* as holding that "a class action judgment — there, in a discrimination case — binds the class members as to matters actually litigated but does not resolve any claim based on individual circumstances that was not addressed in the class action." *Id.* at 17. In *Cameron*, the Court held that an individual's challenge to his treatment in a state mental health facility was not precluded by an earlier judgment in a class action in which he was a member concerning the treatment of all patients confined at the facility. The First Circuit held that the plaintiff could pursue his individual claims against the state because issues peculiar to the individual claims were not actually litigated in the class action. It further reasoned that the state's claim that the earlier judgment barred the plaintiff's individual claims "reduces itself to the argument that [the plaintiff] *had* to litigate those issues in the earlier cases or forever hold his peace. To describe [the state's] claim

is to refute it: class action institutional litigation often addresses general circumstances, not the distinctive plight of someone claiming special needs or status." *Id.* at 18 (emphasis in original); *accord Bentley v. Honeywell Int'l, Inc.*, 223 F.R.D. 471, 483 (S.D. Ohio 2004) (concluding that class claims for property damages and injunctive relief from polluting activity do not bar individual personal injury claims from such activity because "there would be no reason to inquire into any bodily injuries allegedly suffered by individual class members"); *Brewton v. City of Harvey*, 285 F. Supp. 2d 1121, 1125 (N.D. Ill. 2003) (agreeing that *Cooper* permitted named and unnamed plaintiffs to bring their individual claims of employment discrimination after the class claims had failed); *see also Munoz v. Aldridge*, 894 F.2d 1489 (5th Cir. 1990) (holding that previous litigation of plaintiffs' individual claims without reaching the merits of class allegations is no bar to plaintiffs' subsequent class claims).

    The Court acknowledges that in plaintiffs' cases, unlike the decisions discussed above, the putative class claims were dismissed before any class was certified. Yet, the Court does not find that this fact justifies a different result. The effect of a judgment on the class claim should not be broader for named

plaintiffs simply because it was reached before a class was certified.

Plaintiffs' cases are in a similar posture as the individual plaintiffs in *Cooper* and *Tomes*. Although plaintiffs' individual claims for improper claims handling involve the same storm damage, insurance policies, adjustment processes, and general time period of events that gave rise to the original VPL claim dismissed in *Chauvin I*, the analysis of Louisiana's VPL did not address any of the issues pertinent to plaintiffs' individual claims. Resolution of plaintiffs' claims-handling claims requires a highly individualized inquiry into the cause and extent of the damage resulting from the storm, the sufficiency of the benefits paid, the insurer's conduct vis-à-vis the insured, the relevant provisions of the insureds' homeowner's policies, and the applicable law on insurance coverage and bad faith claims handling. The issues involved in determining whether plaintiffs' insurers failed to properly assess storm damage or pay benefits that were due under the policies do not coincide with the determination about the application of the VPL at issue in *Chauvin I*.

Moreover, the Court in *Chauvin I* expressly limited its decision to the VPL claim asserted in the putative class action, stating that it "does not reach any of plaintiffs' claims that

13

are not predicated on the interpretation of the VPL discussed in this opinion." *Chauvin I*, 450 F. Supp. 2d at 669. The Fifth Circuit recognizes that "[a] judgment that expressly leaves open the opportunity to bring a second cause of action on specified parts of the claim or cause of action that was advanced in the first action should be effective to forestall preclusion." *King v. Provident Life Ins. and Acc. Ins. Co.*, 23 F.3d 926, 928 (5th Cir. 1994) (quotations omitted); *see also Smith v. Perry Homes*, 34 Fed. Appx. 151 (5th Cir. 2002). Plaintiffs' cases are closely akin to that situation.

Defendants have cited no authority that holds that the doctrine of res judicata bars plaintiffs' individual adjustment claims in the context before the Court, and the Court has found none. It is true, as defendants' suggest, that Louisiana courts apply the doctrine of res judicata to prevent plaintiffs from relitigating previously adjudicated claims. But the Louisiana cases that defendants' cite are distinguishable from plaintiffs' cases. In *Classen v. Hoffman*, 947 So.2d 76 (La. Ct. App. 2006), plaintiffs filed the same claims against the same defendant in two different state courts. One suit settled before the other was litigated, and the court held the second suit barred by res judicata because the separate suits were "duplicative." *Id.* at 80. In *Spear v. Prudential Property and Casualty Insurance Co.*,

727 So.2d 640 (La. Ct. App. 1999), the court barred plaintiffs' second action seeking attorneys' fees after the same appellate court had reversed her judgment for attorneys' fees in the earlier action. *See id.* at 642, 643. Defendants overlook Brouillard *v. Aetna Casualty & Surety Co.*, 657 So.2d 231 (La. Ct. App. 1995), in which the court permitted a second cause of action for breach of an insurance policy after plaintiff's personal injury claim failed, in part, because the issues in the second action were "only collaterally related to those in the prior suit." *Id.* at 233. The weight of authority indicates that the Chauvins and Berrymans are not precluded from bringing individual claims to the extent their individual claims implicate different issues from those presented in the previously adjudicated, putative class claims.

  Furthermore, Louisiana law provides that an earlier judgment does not bar another action by the plaintiff when exceptional circumstances justify relief from the res judicata effect of the judgment. La. Rev. Stat. 13:4232(A)(1). The official comment to the statute and courts interpreting the law are clear that this exception does not protect those who fail to assert a claim through oversight, lack of preparation, or "can allude to no circumstances to justify their inaction" in the earlier

suit. *Spear*, 727 So.2d at 643 (citing *Centanni v. Ford Motor Co.*, 636 So.2d 1153, 1155 (La. Ct. App. 1994)). The comment also refers to Rule 60(b) of the Federal Rules of Civil Procedure for guidance on what constitutes "exceptional circumstances." Rule 60(b) gives courts wide-ranging equitable discretion to relieve a party from a final judgment, "especially if no intervening rights have attached in reliance upon the judgment and no actual injustice will ensue." 11 Charles Alan Wright, Arthur R. Miller, and Mary Kane, *Federal Practice and Procedure* § 2857, 256 (2d ed. 1995). In particular, Rule 60(b)(6) is a "grand resevoir of equitable power to do justice in a particular case when relief is not warranted" on other grounds specified in the rule, and this clause "gives the courts ample power to vacate judgments whenever such action is appropriate to accomplish justice." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 643 (5th Cir. 2005) (citations and quotations omitted). Such relief, however, is appropriate "only if extraordinary circumstances are present." *Id.* Other courts have recognized that relief under Rule 60(b)(6) may be appropriate to permit individual members of a class to prosecute their individual claims after resolution of the class claims, especially when the earlier adjudication did not address any such individual

claims. *See Marshall v. Kirkland*, 602 F.2d 1282, 1298 (8th Cir. 1979) (citing *Montana v. United States*, 440 U.S. 147, 155, 164 n.11 (1979)).

The doctrine of res judicata functions to prevent piecemeal litigation and to preserve finality of judgments. In these cases, plaintiffs do not seek to relitigate the putative class claims they brought earlier. Their individual claims are distinct from the previously decided class claims. Additionally, while there was an obvious threat of serial litigation in *Cooper*, the Supreme Court noted that requiring plaintiffs to bring individual claims along with class claims would undermine the efficiency gains produced by Rule 23. Although plaintiffs remain bound by the judgment in *Chauvin I* as to their substantive VPL claims at issue in the earlier litigation, caselaw recognizes that judgments on class claims do not bar individual claims that do not overlap with class claims. Further, defendants suffer no real prejudice when they are not allowed to bar claims that were never litigated on the merits under circumstances such as these. Thus, the Court finds that plaintiffs are not barred from prosecuting their individual claims that are distinct from their class claims, involve different factual inquiries and legal standards, were not previously adjudicated, and when Rule 23 efficiency concerns apparently motivated the assertion of only

17

putative class claims. Accordingly, plaintiffs' individual claims are not res judicata.

**IV. CONCLUSION**

For the foregoing reasons, the Court DENIES defendants' motions.

New Orleans, Louisiana, this __2nd__ day of October, 2007.

_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE