```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


DARYL J. CHAUVIN AND                        CIVIL ACTION
CATHY S. CHAUVIN


VERSUS                                      NO. 06-7145


STATE FARM MUTUAL AUTOMOBILE                SECTION "R" (5)
INSURANCE COMPANY

                             AND

JOHN BERRYMAN AND                           CIVIL ACTION
CATHERINE BERRYMAN


VERSUS                                      NO. 06-8769


ENCOMPASS PROPERTY AND                      SECTION "R" (5)
CASUALTY COMPANY
```

**THIS ORDER APPLIES TO CASE NOS. 06-7145 AND 06-8769**

<u>**ORDER AND REASONS**</u>

Before the Court are defendant State Farm's motion for reconsideration or, in the alternative, to certify for interlocutory appeal and stay, and defendant Encompass Property's motion to certify for interlocutory appeal. As it did on defendants' earlier motions to dismiss, the Court rules on these

motions together because they present the same essential factual and legal issues. For the following reasons, the Court DENIES defendants' motions.

I.   BACKGROUND

The factual background of these cases is set forth in the Court's order denying defendants' earlier motions for summary judgment and dismissal. *See Chauvin v. State Farm Mut. Auto Ins. Co.*, Nos. Civ. A. 06-7145, 06-8769, 2007 WL 2903321, at *1-2 (E.D. La. Oct. 2, 2007) (*Chauvin II*). In those motions, defendants argued that the decision in *Chauvin v. State Farm Fire & Cas. Co.*, 450 F. Supp. 2d 660 (E.D. La. 2006), *aff'd* 495 F.3d 232 (5th Cir. 2007) (*Chauvin I*), precludes the claims in plaintiffs' complaints that are the subject of these cases by application of the doctrine of *res judicata*. In its earlier order, the Court ruled that the doctrine of *res judicata* does not bar plaintiffs' claims. Defendants now move the Court to reconsider that decision or certify it for interlocutory appeal.

II.  LEGAL STANDARDS

   A.   Motion for Reconsideration under Rule 59(e)

A district court has considerable discretion to grant or to deny a motion for reconsideration. *See Edward H. Bohlin Co. v.*

*Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). A court's reconsideration of an earlier order is an extraordinary remedy, which should be granted sparingly. *See Fields v. Pool Offshore, Inc.*, No. Civ. A. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998), *aff'd*, 182 F.3d 353 (5th Cir. 1999); *Bardwell v. George G. Sharp, Inc.*, Nos. Civ. A. 93-3590, 93-3591, 1995 WL 517120, at *1 (E.D. La. Aug. 30, 1995). The Fifth Circuit has held that a motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). A Rule 59(e) motion "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 479 (quotation omitted). The Court must "strike the proper balance" between the need for finality and "the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co.*, 6 F.3d at 355. To succeed on a motion for reconsideration, a party must "'clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Pioneer Natural Res. USA, Inc. v. Paper, Allied Indus., Chem. & Energy Workers Int'l Union Local 4-487*, 328 F.3d 818, 820 (5th Cir. 2003)).

> B. **Motion to Certify for Interlocutory Appeal under 28 U.S.C. 1292(b)**

Before a district court may certify an order for interlocutory appeal, the moving party must demonstrate that the matter involves (1) a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order would materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b). *See also Complaint of L.L.P. & D. Marine, Inc.*, Nos. Civ. A. 97-1668, 97-2992, 97-3349, 1998 WL 66100, at *1 (E.D. La. Feb. 13, 1998) (explaining that the moving party bears the burden of "demonstrating the necessity of an interlocutory appeal"). An interlocutory appeal, however, is "exceptional" and assuredly does not lie simply to determine the correctness of a judgment." *Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 68, 69 (5th Cir. 1983).

## III. DISCUSSION

The Court finds that the circumstances presented in these cases do not warrant reconsideration under Rule 59(e). Defendants do not present any new arguments that the Court did not address in its earlier order. The only arguments that defendants raise in these motions that they did not include in their initial motions

concern cases that the Court discussed in its opinion that defendants failed to cite in their briefs. A motion for reconsideration is not the place to cite authority that should have been presented to the Court in the first place.

Nor do these cases meet the requirements for interlocutory certification under 28 U.S.C. § 1292(b). This case involved not only the issue of whether an adverse judgment against named plaintiffs on a putative class claim bars them from bringing individual claims arising from the same incident that were not adjudicated in the putative class action, but also a situation in which the Court expressly limited its decision so as not to reach any of plaintiffs' claims that were not based on the VPL theory involved in the *Chauvin I* decision. The Court relied not simply on case law on class action judgments, but also on Fifth Circuit authority recognizing that a court can forestall preclusion by expressly leaving open the opportunity to bring a second claim or specific parts of the claim or cause of action. *See King v. Provident Life and Acc. Ins. Co.*, 23 F.3d 926, 928-29 (5th Cir. 1994).

The Court also rested its decision on the "exceptional circumstances" provision in Louisiana's *res judicata* law, La. Rev. Stat. § 13:423(A)(1) which, in the official comment, refers to Federal Rule of Civil Procedure 60(b). Rule 60(b) gives courts

wide-ranging equitable discretion to relieve a party from a final judgment. Such discretionary calls are not the stuff of § 1292(b) certifications. The Court's express limitation of the scope of its first ruling is such an exceptional circumstance.

Finally, *Reppert v. Marvin Lumber and Cedar Co., Inc.*, 359 F.3d 53 (1st Cir. 2004), belatedly cited by defendants, involved a class action settlement that expressly included "all claims that . . . could have been asserted." *Id.* at 59. *Chauvin I* presented the opposite situation because the Court's decision was limited to the narrowly framed class claim before it.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES defendants' motions.

New Orleans, Louisiana, this <u>11th</u> day of December, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE